UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 58, GREGG SMITH, in His Capacity as Business Manager of PAINTERS DISTRICT COUNCIL NO. 58, SAINT LOUIS PAINTERS PENSION TRUST, SAINT LOUIS PAINTERS WELFARE TRUST, SAINT LOUIS PAINTERS VACATION TRUST, and PAINTERS DISTRICT COUNCIL NO. 2 APPRENTICESHIP AND JOURNEYMAN TRAINING TRUST, By and through GREGG SMITH, DAVID DOERR, RICH LUCKS, WILLIAM BOEVINGLOH, CARL FARRELL, DONALD THOMAS, DANIEL WIENSTROER, DANE MCGRAW, DANIEL HANSON, STEVE PHILLIPP, JR., MARK BORGMANN, JOSEPH KEIPP, TIM WEIS and FRED PHILLIP, JR., in Their Representative Capacities as Trustees, | Case No. |
|     Plaintiffs, | |
| v. | |
| LOUIS A. BUNDA & SON, INC., | |
| Serve: Louis A. Bunda, Registered Agent<br>       6 Green Point Court<br>Address: Wentzville, Missouri 63385<br>       Or wherever it may be found | |
|     and | |
| GREG SCHNEIDER, | |
| Serve: 6 Green Point Court<br>Address: Wentzville, Missouri 63385<br>       Or wherever he may be found | |
|     and | |
| JOAN SCHNEIDER, | |
| Serve: 6 Green Point Court<br>Address: Wentzville, Missouri 63385<br>       Or wherever she may be found | |
|     Defendants. | |

## COMPLAINT
## COUNT I - LOUIS A. BUNDA & SON, INC.

COME NOW Plaintiffs, and for their cause of action against **LOUIS A. BUNDA & SON, INC.** (hereinafter "**BUNDA & SON**"), state as follows:

1. Jurisdiction of this cause of action and the parties is conferred by §§ (a), (b) and (c) of § 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. § 185 and by §§ 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(e)(1) and (f).

2. Venue in this Court is appropriate by virtue of § 502(e)(2) of ERISA, 29 U.S.C. 1132(e)(2).

3. Plaintiff Painters District Council No. 58 (hereinafter "Painters") is a "labor organization" within the meaning of § 2(5) of the National Labor Relations Act (hereinafter "NLRA"), 29 U.S.C. §152(5), representing employees in an industry affecting commerce within the meaning of § 301 of the LMRA, 29 U.S.C. §185, and is an "employee organization" within the meaning of § 3(4) of ERISA, 29 U.S.C. §1002(4).

4. Painters maintains its principal offices within this judicial district at 2501 59th Street, St. Louis, Missouri 63110.

5. The Saint Louis Painters Pension Trust (f/k/a Painters District Council No. 2 Pension Trust and hereinafter "Pension Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

6. The Pension Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

7. The Pension Trust is administered within this judicial district at 13801 Riverport Lakes West, Suite 401, Maryland Heights, St. Louis County, Missouri 63043.

8.  Gregg Smith, Carl Farrell, Rich Lucks, Daniel Wienstroer, Tim Wies and Fred Philipp, Jr. constitute the Joint Board of Trustees of the Pension Trust ("Pension Trustees").

9.  The Pension Trustees are the Plan Sponsor of the Pension Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B).

10. The Pension Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Pension Trust.

11. The Saint Louis Painters Welfare Trust (f/k/a Painters District Council No. 2 Welfare Trust and hereinafter "Welfare Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

12. The Welfare Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

13. The Welfare Trust is administered within this judicial district at 13801 Riverport Lakes West, Suite 401, Maryland Heights, St. Louis County, Missouri 63043.

14. Gregg Smith, William Boevingloh, Carl Farrell, Daniel Hanson, Dane McGraw and Don Thomas constitute the Joint Board of Trustees of the Welfare Trust ("Welfare Trustees").

15. The Welfare Trustees are the Plan Sponsor of the Welfare Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B).

16. The Welfare Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Welfare Trust.

17. The Saint Louis Painters Vacation Trust (f/k/a Painters District Council No. 2 Vacation Trust and hereinafter "Vacation Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

18. The Vacation Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

19. The Vacation Trust is administered within this judicial district at 13801 Riverport Lakes West, Suite 401, Maryland Heights, St. Louis County, Missouri 63043.

20. Gregg Smith, David Doerr, Carl Farrell, Mark Borgmann, Steven Philipp, Jr., and Joseph Keipp constitute the Joint Board of Trustees of the Vacation Trust ("Vacation Trustees").

21. The Vacation Trustees are the Plan Sponsor of the Vacation Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B).

22. The Vacation Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Vacation Trust.

23. The Painters District Council No. 2 Apprenticeship and Journeyman Training Trust (hereinafter "Apprenticeship Trust") is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. 1002(3) and 1132(d)(1).

24. The Apprenticeship Trust is a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

25. The Apprenticeship Trust is administered within this judicial district at 18036 Eads Avenue, Chesterfield, Missouri 63005.

26. Gregg Smith, Dane McGraw, Joseph Keipp, Carl Farrell, and William Boevingloh constitute the Joint Board of Trustees of the Apprenticeship Trust ("Apprenticeship Trustees").

27. The Apprenticeship Trustees are the Plan Sponsor of the Apprenticeship Trust within the meaning of § 3(16)(B) of ERISA, 29 U.S.C. § 1102(16)(B).

28. The Apprenticeship Trustees are fiduciaries within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), with respect to the Apprenticeship Trust.

29. At all times relevant herein, **BUNDA & SON**, was doing business within the State of Missouri and this judicial district with a registered agent address at **6 Green Point Court, Wentzville, Missouri 63385**.

30.     **BUNDA & SON** was at all times relevant herein an employer within the meaning of § 301 of the LMRA, 29 U.S.C. § 185, and within the meaning of §§ 3(5) and 515 of ERISA, 29 U.S.C. 1002(5) and 1145.

31.     **BUNDA & SON** was signatory to and/or bound by a collective bargaining agreement (hereinafter "CBA") with the Painters through signature of LOUIS A. BUNDA, since at least November 2005.

32.     The CBA bound **BUNDA & SON** to submit fringe benefits, dues remissions, contributions to the Labor Management Cooperation Fund and evidencing hours for each hour worked by its construction employees at the rate and manner specified in the CBA and Trust documents.

33.     Under the terms of the CBA, **BUNDA & SON** was obligated to make weekly reports and contributions on all covered employees in its employ, showing the number of hours worked and contributions due on its construction employees at the rate and manner specified in the CBA and Trust documents.

34.     Under the terms of the CBA, **BUNDA & SON** was obligated to make contributions on a weekly basis to the Trusts and the Labor Management Cooperation Fund.

35.     Under the terms of the CBA, **BUNDA & SON** was obligated to remit Union dues to the Painters.

36.     The Trusts and the Trustees are third party beneficiaries of the CBA.

37.     Under the terms of the CBA, **BUNDA & SON** was bound to the Saint Louis Painters Pension Trust and Plan Agreement (hereinafter "Pension Agreement").

38.     Under the terms of the CBA, **BUNDA & SON** was bound to the Saint Louis Painters Welfare Trust Agreement (hereinafter "Welfare Agreement").

39. Under the terms of the CBA, **BUNDA & SON** was bound to the Saint Louis Painters Vacation Plan and Trust Agreement (hereinafter "Vacation Agreement").

40. Under the terms of the CBA, **BUNDA & SON** was bound to the Painters District Council No. 2 Apprenticeship and Journeyman Training Trust Agreement (hereinafter "Apprenticeship Agreement").

41. Article XXII of the Pension Agreement provides in part:

The Trustees shall further have the right to audit the books of a participating employer when such is deemed necessary or desirable for the effective administration of the Trust.

42. Article XXI of the Welfare Agreement provides in part:

The Trustees shall have the authority to reasonably request of any Employer, and an Employer, when so reasonably requested, shall furnish to the Trustees such information, documents and reports as may be necessary in the performance of their duties under this Agreement and Declaration of Trust.

43. Article XV of the Vacation Agreement provides in relevant part:

The Trustees shall have the authority to reasonably request of any Employer, and an Employer when so reasonably requested shall furnish to the Trustees, such information and reports as may be necessary in the performance of their duties under this Plan and Trust Agreement.

44. Article V, § 4, of the Apprenticeship Agreement provides in part as follows:

The Board of Trustees, or any authorized agent or representative of the Trustees, shall have the right, at all reasonable times during business hours, to enter upon the premises of any Employer obligated to contribute to the Fund and to examine and copy such of the books, records, paper and reports of said Employer as may be necessary to determine the hours of work done and places where done by any employees and to permit the Trustees to determine whether said Employer is making payment to the Trust of the amount required by the Collective Bargaining Agreement with said Employer.

45. The CBA provides as follows:

All District Councils and signatory contractors to this agreement agree to contribute to the Labor Management Cooperation Fund a minimum of ten cents ($.10) for each hour or portion thereof for which an employee receives pay, except on Summer Students or first 6-month Pre-Apprentice.

46. Although demand has been made, **BUNDA & SON** has failed and refused to file reports evidencing hours worked since on or about **September 15, 2015**. This conduct is in breach of the CBA and in violation of § 515 of ERISA, 29 U.S.C. § 1145.

47. Although demand has been made, **BUNDA & SON** has failed and refused to make all the unknown required contributions and dues remissions since on or about the week ending **September 15, 2015**. This conduct is a breach of the Agreement and in violation of § 515 of ERISA, 29 U.S.C. § 1145.

48. Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), **BUNDA & SON** is liable to Plaintiffs for all unpaid principal amounts.

49. For the period of the week ending **September 15, 2015** through the date of this Complaint, **BUNDA & SON** is liable to Plaintiffs for a total <u>unknown</u> unpaid principal amount of contributions and deductions.

50. Pursuant to § 4 of the CBA and § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), **BUNDA & SON** is liable for liquidated damages on the unpaid principal amounts.

51. Pursuant to § 4 of the Agreement, § 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), and the Plan and Trust agreements referred to above, **BUNDA & SON** is liable for liquidated damages on amounts it has paid and may pay in an untimely manner.

52. Pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), **BUNDA & SON** is also liable to pay to Plaintiffs the reasonable attorneys' fees, accounting fees and costs incurred by Plaintiffs in connection with this action.

53. **BUNDA & SON,** by its breach of the Agreement, in violation of § 515 of ERISA, 29 U.S.C. § 1145, and breach of the described Plan and Trust agreements, has caused and will continue to cause Plaintiffs to incur reasonable legal, administrative, bookkeeping and accounting fees and costs.

WHEREFORE, Plaintiffs pray:

(a) This Court enter a preliminary injunction requiring **LOUIS A. BUNDA & SON, INC.** to submit any reports and payments that may become due after the date of such injunction, within seven (7) days after each weekly payroll date;

(b) This Court order **LOUIS A. BUNDA & SON, INC.** to submit all of its books and records to an audit so that Plaintiffs may determine the precise amount of its delinquencies, all in accordance with the Agreement;

(c) This Court enter its judgment and decree against Defendant for the unknown principal amount of the delinquency, together with interest and damages on that amount, all in accordance with the CBA and ERISA;

(d) This Court enter an order compelling **LOUIS A. BUNDA & SON, INC.** to specifically perform its obligations to pay liquidated damages on principal amounts it has paid late or may in the future pay late;

(e) This Court enter an order permanently compelling and enjoining **LOUIS A. BUNDA & SON, INC.** to submit any and all future reports and payments in a timely fashion under the current or any subsequent CBA to which Painters and **LOUIS A. BUNDA & SON, INC.** are or may become bound; and

(f) This Court enter its judgment and decree against **LOUIS A. BUNDA & SON, INC.** for Plaintiffs' reasonable attorneys' fees and for Plaintiffs' costs, including accounting, auditing and administrative costs, and for such other and further relief as the Court may deem just and proper.

## **COUNT II - GREG SCHNEIDER and JOAN SCHNEIDER**

54. Plaintiffs restate and reallege all of the above paragraphs as if fully set forth herein.

55. **GREG SCHNEIDER and JOAN SCHNEIDER** are natural persons who can be found in Missouri

56. Jurisdiction and venue of this cause of action and the parties to it is conferred upon this Court by its privilege of supplemental jurisdiction under 28 U.S.C. § 1367, <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715 (1966).

57. **BUNDA & SON** was administratively dissolved in the State of Missouri on or about April 2015.

58. §351.486.3 RSMo, officers of a dissolved corporation who carry on the business of the corporation, but do not wrap-up its affairs, are personally liable for any obligations incurred by the corporation.

59. At all relevant times, before and after April 2015, **GREG SCHNEIDER** and **JOAN SCHNEIDER** have been and have held themselves out as officers of **BUNDA & SON**, including but not limited to holding the offices of President, Secretary and members of Board of Directors.

60. As stated above, **BUNDA & SON** is delinquent to the Plaintiffs in an unknown principal amount, as well as unknown additional principal, liquidated damages, interest, attorneys' fees and costs.

61. **GREG SCHNEIDER and JOAN SCHNEIDER** have failed and continue to fail to act under their obligations created by § 351.486.3, damaging the Painters and Plaintiffs.

62. Plaintiffs have performed all conditions precedent the Guarantee requires of them.

WHEREFORE, Plaintiffs pray:

(a) This Court enter its judgment and decree against **GREG SCHNEIDER and JOAN SCHNEIDER** jointly and severally with **LOUIS A. BUNDA & SON, INC.** for the unknown principal amount of the delinquency, together with interest and damages on that amount, all in accordance with the CBA and ERISA;

(b) This Court enter an order compelling **GREG SCHNEIDER and JOAN SCHNEIDER** jointly and severally with **LOUIS A. BUNDA & SON, INC.** to specifically perform

his obligations to pay liquidated damages on principal amounts **LOUIS A. BUNDA & SON, INC.** has paid late or may in the future pay late;

(c) This Court enter an order permanently compelling and enjoining **GREG SCHNEIDER and JOAN SCHNEIDER** jointly and severally with **LOUIS A. BUNDA & SON, INC.** to submit any and all future payments in a timely fashion under the current or any subsequent CBA to which Painters and **LOUIS A. BUNDA & SON, INC.** are or may become bound if Defendant **LOUIS A. BUNDA & SON, INC.** fails to make payments as required by the CBA; and

(d) This Court enter its judgment and decree against **GREG SCHNEIDER and JOAN SCHNEIDER** jointly and severally with **LOUIS A. BUNDA & SON, INC.** for Plaintiffs' reasonable attorneys' fees and for Plaintiffs' costs, including accounting, auditing and administrative costs, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN, L.L.C.

/s/ James P. Faul
JAMES P. FAUL, No. 58799MO
4399 Laclede Avenue
Saint Louis, Missouri 63108
Telephone: (314) 531-1054
Facsimile: (314) 531-1131
jfaul@hghllc.net

Attorneys for Plaintiffs